IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD MILLER<br>335 Wooster Road, N<br>Barberton, Ohio 44203<br><br>Plaintiff,<br><br>vs.<br><br>DIVERSIFIED MAINTENANCE<br>SYSTEMS, LLC<br>c/o CT Corporation System<br>4400 Easton Commons Way, Suite 125<br>Columbus, Ohio 43219<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO:<br><br>JUDGE<br><br><br><br>**COMPLAINT FOR INJUNCTIVE<br>RELIEF AND DAMAGES**<br><br>(Jury Demand Endorsed Herein) |

Plaintiff Donald Miller, by and through undersigned counsel, as his Complaint against Defendant Diversified Maintenance Systems, LLC, states and avers the following:

**INTRODUCTION**

1. Donald Miller is a resident of the city of Barberton, county of Lorain, and state of Ohio.

2. Defendant Diversified Maintenance Systems, LLC ("Diversified Maintenance") is a Delaware corporation and transacts business in Ohio.

3. Diversified Maintenance operates a location in North Bloomfield, Ohio that provides janitorial and maintenance services to the general public.

4. Jurisdiction is proper over Defendants pursuant to 28 U.S.C. § 1331 in that Miller is alleging federal law claims arising under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615, *et seq*.

5. Venue is properly placed in the United States District Court for the Northern District of Ohio, Eastern Division, because it is the district court for the district, division, and county within

which a substantial part of the events giving rise to the claims alleged in this Complaint occurred.

6. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

7. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## **FACTUAL ALLEGATIONS**

8. Plaintiff incorporates by reference the allegations from the preceding paragraphs, as if fully re-alleged herein.

9. On or about August 10, 2010, Donald Miller was hired by Diversified Maintenance.

10. Donald Miller performed work for Diversified Maintenance exclusively in Summit County, Ohio.

11. At the time of the termination of his employment, Donald Miller was a member of a Project Crew that worked exclusively in Summit County, Ohio.

12. At all times material herein, Donald Miller was fully able to perform the essential job duties of Project Crew.

13. During his nearly seven years at Diversified Maintenance, Donald Miller was an exemplary employee with a strong performance record.

14. Despite his nearly seven years of service at Diversified Maintenance, Donald Miller face retaliation and threats due to workplace injuries Donald Miller sustained.

15. On or about September 5, 2016, Donald Miller sustained a workplace injury that necessitated a workers' compensation claim.

16. Donald Miller hesitated filing a workers' compensation claim due to the September 5, 2016 workplace injury because he was aware of Diversified Maintenance's long-standing pattern and practice of retaliating against employees who file workers' compensation claim.

17. The severity of Donald Miller's September 5, 2016 workplace injury made it necessary for him to file a workers' compensation claim.

18. On or about September 6, 2016, Donald Miller was approached by his supervisor, Erwin Johnson, and was told that if Donald Miller "files another workers' comp claim, I am going to fire you."

19. Donald Miller was shocked that his supervisor told him explicitly that he was forbidden from seeking workers' compensation benefits for any potential injuries that would be sustained furthering Diversified Maintenance's interests.

20. Johnson's explicit threat to Donald Miller was made one day after Donald Miller filed a workers' compensation claim for a serious workplace injury.

21. Because of Johnson's threat to Donald Miller about filing any additional workers' compensation claims, Donald Miller worked through subsequent workplace injuries without taking any time off of work.

22. If not for Johnson's explicit threat, Donald Miller would have taken time off and filed workers' compensation claims because of the severity of the workplace injuries suffered after Johnson's threat.

23. Donald Miller declined to miss work or file subsequent workers' compensation claims because he feared for losing his job because of Diversified Maintenance's long-standing pattern and practice of getting rid of employees who file workers' compensation claims, and because of Johnson's explicit threat.

24. On or about May 29, 2017, Donald Miller was forced to undergo emergency surgery for a hernia related to a workplace injury that Donald Miller worked through because of the explicit threat made by Johnson that if Donald Miller filed another workers' compensation claim, he would be fired.

25. The hernia issue had gotten to the point that just prior to surgery, Donald Miller was near death and incapacitated.

26. Because of the severity of Donald Miller's health issue, Donald Miller's wife, Kathryn Miller, called Johnson to inform him of the situation.

27. Kathryn Miller told Johnson that Donald Miller was about to undergo emergency surgery due to a hernia caused from work.

28. Kathryn Miller told Johnson that Donald Miller was incapacitated and near death.

29. Kathryn Miller told Johnson that because of the severity of Donald Miller's medical situation, she was not sure when Donald Miller would be able to return to work.

30. In response, Johnson told Kathryn Miller nothing other than he hoped Donald Miller felt better.

31. Johnson did not provide Kathryn Miller with any information regarding FMLA leave that Donald Miller was eligible for due to his years of service for Diversified Maintenance.

32. Johnson did not provide Kathryn Miller with the contact information for Diversified Maintenance's Human Resources Department so Kathryn Miller could get the information necessary to allow Donald Miller to utilize FMLA leave.

33. At the time of his emergency surgery, Donald Miller was eligible for up to twelve (12) weeks of FMLA leave.

34. Johnson, fearing that Donald Miller would be filing another workers' compensation claim as a result of his hernia injury, saw an opportunity to follow through on his previous threat to fire Donald Miller in the event there were any additional workers' compensation claims.

35. Instead of providing any information regarding the FMLA that Donald Miller was eligible to utilize, Johnson decided to ignore the information that was given to him by Kathryn Miller.

36. On or about June 19, 2017, with full knowledge that Donald Miller was still recovering from his emergency surgery, Johnson contacted Donald Miller and told him his employment with Diversified Maintenance was terminated as of June 19, 2017.

37. During this phone call, Johnson again failed to mention anything about Donald Miller's eligibility to protect his job by utilizing FMLA leave as a result of his serious health issue.

38. Had Donald Miller been properly informed of his right to utilize FMLA leave, Donald Miller would have elected to take up to twelve (12) weeks of unpaid leave and return to his position when he was fully recovered.

39. By terminating Donald Miller because of his past and anticipated workers' compensation claims, Johnson followed through on his previous threat to terminate Donald Miller's employment.

40. Johnson refused to allow Donald Miller to utilize intermittent FMLA leave because Johnson wanted Miller to be terminated from his job at Diversified Maintenance.

41. Johnson refused to allow Donald Miller to utilize FMLA leave because Johnson was angry about Donald Miller's past and anticipated workers' compensation claims.

42. Johnson could have easily ensured that Donald Miller was provided FMLA leave, which would have prevented Donald Miller's termination, but chose not to because of Donald Miller's past and anticipated workers' compensation claims.

43. Diversified Maintenance terminated Donald Miller's employment because of Donald Miller's past workers' compensation claims.

44. Diversified Maintenance terminated Donald Miller's employment because of Donald Miller's anticipated workers' compensation claims.

45. Donald Miller would not have been terminated had Diversified Maintenance not interfered with Donald Miller's right to utilize FMLA leave.

46. Diversified Maintenance interfered with Donald Miller's statutory right to utilize FMLA leave.

47. On August 19, 2017, and within 90 days of his retaliatory termination, Donald Miller provided Diversified Maintenance notice of his allegations of workers' compensation retaliation pursuant to R.C. § 4123.90.

**FIRST CAUSE OF ACTION**
**(Interference with Exercise of Rights Under Family Medical Leave Act)**
**(Against Diversified Maintenance Only)**

48. Plaintiff incorporates by reference the allegations from the preceding paragraphs as if fully re-alleged herein.

49. Because Donald Miller had worked for Diversified Maintenance for greater than 12 months preceding his serious health issue in May 2017, because he had worked for Diversified Maintenance greater than 1,250 hours in the 12 months prior to his serious health issue in May 2017, and because Diversified Maintenance employed more than 50 persons within 75 miles of the worksite where they employed Donald Miller, Donald Miller was an "eligible employee" within the meaning of 29 U.S.C. § 2612(a)(1).

50. Diversified Maintenance is engaged in a commerce affecting interstate commerce and is considered an "employer" within the meaning of 29 U.S.C. § 2611(4).

51. Kathryn Miller informing Diversified Maintenance that Donald Miller was in the hospital experiencing a serious health condition was information sufficient to reasonably apprise Diversified Maintenance of Donald Miller's request to utilize FMLA leave for a serious health condition.

52. Donald Miller was entitled to FMLA leave for treatment of his "serious health condition" within the meaning of 29 U.S.C. § 2612(a)(1)(D) and 29 C.F.R. 825.113.

53. Diversified Maintenance unlawfully interfered with Donald Miller's right to take FMLA leave by ignoring information regarding his serious health condition, and terminating Donald Miller's employment on the basis of absences associated with Donald Miller's serious health condition.

54. As a direct and proximate cause of Diversified Maintenance's conduct, Donald Miller suffered and will continue to suffer damages.

55. As a direct and proximate cause of Diversified Maintenance's conduct, Donald Miller is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs and reasonable attorney's fees.

### SECOND CAUSE OF ACTION
### (Workers' Compensation Retaliation in Violation of R.C. § 4123.90)

56. Plaintiff incorporates by references the allegations from the preceding paragraphs as if fully re-alleged herein.

57. On or about June 19, 2017, Diversified Maintenance terminated Donald Miller.

58. Diversified Maintenance terminated Donald Miller in retaliation for Donald Miller filing a claim for workers' compensation benefits.

59. Donald Miller was discharged without just cause for filing a claim for workers' compensation benefits.

60. Diversified Maintenance violated R.C. § 4123.90 by terminating Donald Miller in retaliation for filing a claim for workers' compensation benefits.

61. As a direct and proximate result of Diversified Maintenance's wrongful conduct, Donald Miller suffered and will continue to suffer damages.

**THIRD CAUSE OF ACTION**
**(Wrongful Termination in Violation of Public Policy)**

62. Plaintiff incorporates by reference the allegations from the preceding paragraphs as if fully re-alleged herein.

63. Diversified Maintenance knew that Donald Miller had suffered a workplace injury.

64. Diversified Maintenance believed that Donald Miller was likely to file a workers' compensation claim.

65. Diversified Maintenance terminated Donald Miller in anticipation of, and in an effort to prevent, Donald Miller from filing a workers' compensation claim.

66. A clear public policy exists, and is manifested in Ohio and Federal statutes and/or administrative regulations, or in the common law, against terminating an employee in retaliation for, in anticipation of, or in an effort to prevent the employee's filing of a workers' compensation claim.

67. Diversified Maintenance's retaliation against and termination of Donald Miller's employment jeopardizes this public policy.

68. Diversified Maintenance retaliation against and termination of Donald Miller's employment was motivated by conduct related to this public policy.

69. Diversified Maintenance has no overriding business justification for terminating Donald Miller's employment.

70. As a direct and proximate result of Diversified Maintenance's wrongful conduct, Donald Miller suffered and will continue to suffer damages.

## CONCLUSION

Plaintiff Donald Miller seeks judgment against Diversified Maintenance Systems, LLC in an amount in excess of $25,000 to fully, fairly, and justly compensate him for injury, damage, and loss, and respectfully prays that this Court enter judgment in his favor and award him past and future economic and non-economic compensatory damages, fringe benefits, consequential damages, incidental damages, punitive damages, liquidated damages, interest, all reasonable attorney's fees, costs and expenses, and any additional legal or equitable relief available under law, including, but not limited to back pay, future losses, reinstatement, and promotion.

Respectfully Submitted,

/s/ *Sean H. Sobel*
Sean H. Sobel (0086905)
Sobel, Wade & Mapley, LLC
2460 Fairmount Boulevard, Suite 314
Cleveland, Ohio 44106
T: (216) 223-7213
F: (216) 223-7213
sobel@swmlawfirm.com

*Attorney for Plaintiff Donald Miller*

## JURY DEMAND

Plaintiff Donald Miller demands a trial by jury by the maximum number of jurors permitted.

/s/ *Sean H. Sobel*
Sean H. Sobel (0086905)

*Attorney for Plaintiff Donald Miller*